NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACK KIMM,

Plaintiff-Appellant,

v.

MARTIN BRANNAN; et al.,

Defendants-Appellees.

No.    17-17316

D.C. No. 2:14-cv-01966-JWS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Argued and Submitted June 11, 2019
San Francisco, California

Before:  GOULD, IKUTA, and R. NELSON, Circuit Judges.

In 2007, La Paz County Attorney Martin Brannan filed a criminal indictment

against Jack Kimm, charging multiple counts of forgery and perjury.  La Paz

County investigator Frank Haws was the only witness in the grand jury

proceedings.  The Arizona state court later dismissed the indictment without

prejudice because of a conflict of interest between Haws and the alleged victim,

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Rayburn Evans, who was the former La Paz County Sheriff. In 2009, Brannan's successor as La Paz County Attorney, Samuel Verderman, and deputy county attorney, Thomas Jones, filed another indictment against Kimm based on the same charges. The Arizona state court dismissed the indictment with prejudice.

Kimm then filed a civil case in the federal district court. The crux of the complaint alleged that certain La Paz County employees conspired to prosecute Kimm on criminal charges in retaliation for Kimm's prior civil suit against Evans. Kimm asserted several state and federal claims against Brannon, Verderman, Jones, Haws, and Evans, along with two claims against La Paz County under *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978). Kimm appeals the district court's dismissal of several of his claims under Rule 12(b)(6) and the district court's subsequent grant of summary judgment in favor of defendants on the remaining claims.

1. The district court did not err by dismissing claims against Haws on the basis of testimonial immunity. Kimm's amended complaint alleged that Haws testified before the grand jury without investigating the underlying claims, provided false or misleading testimony, and conspired to provide false or misleading testimony. Each of these acts falls squarely within the bounds of testimonial immunity under settled law. *Rehberg v. Paulk*, 566 U.S. 356, 375 (2012); *Lisker v. City of Los*

*Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015); *Franzi v. Koedyker*, 758 P.2d 1303, 1306–08 (Ariz. Ct. App. 1985).

2.     The district court did not err by dismissing claims against Brannan, Jones, and Verderman on the basis of prosecutorial immunity.  Kimm's complaint alleged that Brannan sought no outside investigation into Evans's claims against Kimm, presented false or misleading testimony to the grand jury, and did not present the grand jury with exculpatory information.  Kimm's complaint alleges that Verderman and Jones engaged in the same conduct, and further alleges that the two conspired to do so.  Each of the alleged acts upon which Kimm's claims are based is intimately associated with the judicial phase of the criminal process.  For this reason, the prosecutors are immune from suit arising from these actions.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc); *Challenge, Inc. v. State*, 673 P.2d 944, 948 (Ariz. Ct. App. 1983).

3.     The district court did not err in granting summary judgment to Evans on Kimm's malicious prosecution claim.  To prevail on a malicious prosecution claim under § 1983, a plaintiff "must show that the defendants prosecuted [the plaintiff] with malice and without probable cause, and that they did so for the purpose of denying [the plaintiff] equal protection or another specific constitutional right."  *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).  Under Arizona

law, probable cause is a complete defense to a claim for malicious prosecution. *Bird v. Rothman*, 627 P.2d 1097, 1100 (Ariz. Ct. App. 1981). The district court correctly determined that the facts known to Evans—(1) that a forensic document examiner had concluded that the signatures on four of the five contracts were forged, and (2) that Kimm stated during his deposition that he witnessed Evans sign the contracts—established probable cause to suspect Kimm forged the signatures and lied about it under oath.

4.      The district court did not err in granting summary judgment to Evans on Kimm's racketeering claims. Under both federal and Arizona law, a racketeering claim requires the showing of a predicate unlawful act and a pattern of such activity. 18 U.S.C. § 1961 *et seq.*; Ariz. Rev. Stat. § 13-2312. The district court correctly concluded that there is no evidence in the record suggesting any unlawful conduct on Evans's part, much less a pattern of such activity.

5.      The district court did not err in granting summary judgment to Evans on Kimm's abuse of process claims. To make out a prima facie claim for abuse of process under Arizona law, Kimm must show "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Nienstedt v. Wetzel*, 651 P.2d 876, 881 (Ariz. Ct. App. 1982). "Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where

the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Joseph v. Markovitz*, 551 P.2d 571, 574–75 (Ariz. Ct. App. 1976). The district court correctly concluded that there was no genuine issue of material fact that Evans took any willful act other than bringing criminal charges.

6.     The district court did not err in dismissing Kimm's *Monell* claim alleging a custom or practice of bringing unfounded criminal charges against Evans's opponents. The district court correctly concluded that Kimm's complaint did not allege any facts to establish that such a custom or practice existed.

7.     The district court dismissed Kimm's *Monell* claim alleging final policymaker liability without comment. We conclude that that claim requires more analysis. Kimm alleged that Brannan and Verderman acted as final policymakers for La Paz County when determining whether to initiate the criminal proceedings against Kimm as well as in determining the manner in which to pursue the case. Kimm also alleged that Brannan and Verderman pursued the case without sufficient investigation and presented the case in a misleading manner to the grand jury. Kimm also alleged that Verderman conspired with others to pursue the case despite the conflict of interest. We remand the matter to the district court to consider in the first instance (1) whether La Paz County Attorneys act as final policymakers for the county when making decisions about the initiation and pursuit

5

of criminal proceedings, *see McMillian v. Monroe County Alabama*, 520 U.S. 781, 785 (1997); and, if so, (2) whether Kimm alleged facts sufficient to state a claim for relief that is plausible on its face.

**AFFIRMED** in part and **REVERSED** and **REMANDED** in part. The parties shall bear their own costs.